On Rehearing.
SIMON, Justice.
In our original opinion we considered the question whether certain sections of Act 473 of 1948, LSA-R.S. 37:1581-1610, constitute an unlawful delegation of legislative power to the Board of Examiners in Watchmaking, created thereby, as would permit said Board to create an unlawful monopoly. We directed our deliberation to the provisions of LSA-R.S. 37:1589, 1592 and 1600 and recognized that, subject only to constitutional restrictions, the Legislature in molding the law enjoys the freedom to choose from conflicting considerations; that with this freedom, however, it could not constitutionally delegate the same freedom of choice to a public officer, commission or board which would ultimately vest within his or its judgment or discretion the power to grant or withhold a license or permit to engage in this business or occupation, according to his or its whim or fancy, thereby resulting in a denial of the equal protection of laws. Noyes v. Erie & Wyoming Farmers Cooperative Corp., 170 Misc. 42, 10 N.Y.S.2d 114, 121; State v. Chisesi, 187 La. 675, 175 So. 453, and authorities therein cited; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; City of Alexandria v. Alexandria Fire Fighters Ass’n, Local No. 540, 220 La. 754, 57 So.2d 673, and authorities therein cited.
We further recognized that in the granting of or delegation of discretionary powers, certain standards or guideposts should be established and fixed by the Legislature, thus avoiding a surrender of its constitu-. tional powers.
However, in our decree we did not specify the section of the Act deemed unconstitutional but used language that would indicate we considered the Act to be unconstitutional in its entirety.
We granted this rehearing upon application by the State seeking to have our original decree set aside and to have the Act in its entirety declared constitutional; and in the alternative, in view of the severability clause contained in said Act, to have us specifically declare the particular sections of this Act that we deem to be unconstitutional.
Upon reargument of the case, the State failed to advance any new or convincing *585 argument to sustain its prayer for reversal of our original decree and for this Watchmaker’s Act to be held constitutional in its entirety.
In reconsidering the provisions of LSA-R.S. 37:1589, 1592 and 1600 we are again convinced of the correctness of our original decree for the reasons therein advanced.
Further, we are sustained in our original position by the Legislature itself in its enactment of Act 259 of 1956 to correct the defects in the original Watchmaker’s Act.
Act 259 of 1956 was enacted to re-enact LSA-R.S. 37:1581 to 1610, inclusive, by amending certain sections thereof relative to the licensing of watchmakers and apprentice watchmakers, the bonding of the Secretary of the Board of Examiners in Watchmaking, establishing standards and qualifications for watchmakers and apprentice watchmakers, and defining certain terms as used in this Act; by adding thereto a new section relative to the accrediting of schools for watchmakers; re-enacting the provisions of LSA-R.S. 37:1581 through 37:1600, as amended, and to repeal all laws or parts of laws in conflict therewith.
Section 2 of the amending Act amended LSA-R.S. 37:1589 so as to substitute the provision “and make rules' and regulations for conducting examinations in conformity with the provisions of this Chapter” for the provision found in the original statute “and make rules and regulations for conducting examinations, and define the standards of workmanship and skill”.
Thus it will be seen that the original statute delegated to the Board the freedom to define the standards of workmanship and skill in determining the person or persons to whom licenses should be granted. While, under the amending Act, the power of the Board to make rules and regulations for conducting examinations and for the issuance of licenses to the applicants or examinees or candidates therefor must conform with certain standards which have been explicitly spelled out therein.
In section 3 of the amending Act, LSA-R.S. 37:1592 is amended to read as follows:'
“Applicants for certificates in watchmaking shall:
“(1) Be citizens of the United States of good moral character and at least 19 years of age.
“(2) Have successfully completed a course of 18 months study in an accredited school, combined with one year work experience under a licensed or registered watchmaker, or have successfully completed a genuine 4 year apprenticeship as an apprentice watchmaker during which time the apprentice watchmaker must have been' indentured to a registered or licensed watchmaker.” >
*587 In section 4 of the amending Act, LSA-R;S. 37:1600 is amended to read as follows:
“Any person not under 16 years of age, a citizen of the United States, of good character, apprenticed to a registered watchmaker may pursue the trade of watchmaking as an apprentice watchmaker upon obtaining from the Board a certificate of registration as an apprentice watchmaker, which certificate shall be conspicuously displayed at all times in the place of employment of the apprentice. Apprentice watchmakers shall pay the certificate fee for apprentices and the annual renewal fee for apprentices provided by this Act.
“The board shall require for the issuance, maintenance and/or renewal of the certificate of registration of an apprentice watchmaker that the instruction and train-, ing of the apprentice watchmaker include the following but not necessarily in this sequence:
“(1) Cleaning, repairing and adjusting clocks (500 hours minimum).
“(2) Cleaning, repairing and adjusting watches (4200 hours minimum).
“(3) Polishing, turning, filing, grinding, fitting and making parts and general bench work (2000 hours minimum).
“(4) Care of stock, store service and errands (1000 hours minimum).”
,A comparison of the pertinent sections of the original statute with the provisions.of the amending statute, both being set forth verbatim in this opinion and in our original opinion, readily reveals the stark inadequacy of legislative will contained in the original statute.
Manifestly, by amending the original statute, the Legislature clear-sightedly acknowledged the unlawful delegation of legislative functions it had formerly conferred upon the Board of Examiners in Watchmaking. It thus proceeded to prescribe a uniform rule of action by the Board in the regulation of a legitimate business or occupation, affording rights common to all persons desirous of engaging in watchmaking, and spelled out standards, guideposts, limitations and restrictions so conspicuously lacking in the original Act as to clearly demonstrate the unconstitutionality of the original statute.
However, nothing in this ’opinion should be taken to indicate our views of the constitutionality or unconstitutionality of the Watchmaker’s Act as amended, said issue not being before us for review.
We conclude that LSA-R.S. 37:1589, 37:1592 and 37:1600, upon which the prosecution herein was based, are hereby declared unconstitutional.
Accordingly, for the reasons assigned, the original decree of this Court is amended so as to read as follows:
It is ordered, adjudged and decreed that-LSA-R.S. 37:1589, LSA-R.S. 37:1592 and *589 LSA-R.S. 37:1600 be, and they are hereby declared unconstitutional, and the judgment of Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans dismissing the defendant herein is affirmed.
HAMITER, J., concurs in the decree.